Case 8:08-cv-00676-JSM-TGW   Document 4   Filed 04/21/08   Page 1 of 4 PageID 22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH A. WHITE

CASE No. 8:08-CV-676-T-30-TGW

v.

DAVID GEE,
HILLSBOROUGH COUNTY SHERIFF;
HCSO RISK MANAGEMENT

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2). She seeks a waiver of the filing fee for her complaint, which purportedly alleges civil rights violations by the Hillsborough County Sheriff's Office (HCSO)(Doc. 1). The complaint fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint be dismissed, with leave to file an amended complaint, and consideration of the Motion to Proceed In Forma Pauperis be deferred pending the filing of an amended complaint.

The plaintiff alleges in her complaint that, on June 3, 2007, she called the HCSO because a man named Mr. James attacked her with a baseball bat (Doc. 1, p. 1). The HCSO arrived at her home and took her to The Spring,

a domestic violence shelter (id.). The plaintiff contends that, thereafter, Mr. James and an individual named Marilyn Wells remained at the home and stole her property (id.). The plaintiff alleges that the HCSO refused to make a report on the stolen property (id., p. 3). She also alleges that the HCSO is harassing her because of a prior case she filed in federal court (id., p. 2)

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the affiant's complaint is a rambling narrative that purportedly alleges the violation of her civil rights and negligent endangerment (Doc. 1, Doc. 2, ¶1). However, the complaint does not identify an officer from the Hillsborough County Sheriff's Office who allegedly violated her rights, let alone identify a civil right that was violated. See Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996)(Section 1983 is not a source of substantive federal rights and, therefore, to state a §1983 claim a plaintiff must point to a violation

of a specific federal right). Rather, the only wrongdoing alleged against the HCSO in the complaint is a vague allegation of "harassment" and a claim that the "HCSO refused to make a report on stolen property" (Doc. 1, p. 2). Moreover, the complaint fails to contain any allegations which show that David Gee, the Sheriff, is liable for any alleged wrongdoing. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91(1978)(a claim against a municipal defendant must allege the deprivation of a federal right pursuant to an official policy, practice or custom of the defendant); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998)(liability in §1983 actions must be based on something more than a theory of respondeat superior).*

Additionally, the plaintiff's complaint is procedurally inadequate because it is a rambling document that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a statement of the grounds upon which the court's jurisdiction depends. Rule 8, F.R.Civ. P.

---

*The negligent endangerment claim is not mentioned in the complaint. It is asserted in the plaintiff's in forma pauperis affidavit. Regardless, there is no factual basis for this contention. Furthermore, the defendant cannot be held liable under §1983 for mere negligence. See Owens v. City of Atlanta, 780 F.2d 1564, 1566 (11th Cir. 1986).

It is also noted that the plaintiff names "HCSO Risk management" as a defendant, although this does not even appear to be an entity subject to a lawsuit.

In sum, the plaintiff's complaint fails to state a claim on which relief may be granted and, therefore, the complaint should be dismissed. <u>See</u> §1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. <u>See</u> <u>Troville</u> v. <u>Venz</u>, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an <u>in forma pauperis</u> complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed and the Motion to Proceed <u>In Forma Pauperis</u> (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Thomas G. Wilson

DATED: APRIL 21, 2008

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).